1  MATTHEW D. POWERS (S.B. #212682)
2  mpowers@omm.com
   O'MELVENY & MYERS LLP
3  Two Embarcadero Center
   28th Floor
4  San Francisco, CA  94111
   Telephone:  +1 415 984 8700
5  Facsimile:   +1 415 984 8701

6  ANDREW J. WEISBERG (S.B. #307519)
   aweisberg@omm.com
7  O'MELVENY & MYERS LLP
   400 South Hope Street, 18th Floor
8  Los Angeles, California  90071
   Telephone:  +1 213 430 6000
9  Facsimile:   +1 213 430 6407

10 *Attorneys for Defendant StubHub, Inc.*

11

12              **UNITED STATES DISTRICT COURT**

13              **CENTRAL DISTRICT OF CALIFORNIA**

14

15 BRIAN HONG, individually and on        Case No. 2:24-cv-03318 SB (JCx)
16 behalf of all others similarly situated,
                                           **DEFENDANT STUBHUB, INC.'S**
17                         Plaintiff,      **NOTICE OF MOTION AND**
                                           **MOTION TO DISMISS**
18      v.                                 **COMPLAINT; MEMORANDUM**
                                           **OF POINTS AND AUTHORITIES**
19 StubHub, Inc.,
20                         Defendant.      Hearing Date:  July 26, 2024
                                           Time:          8:30 a.m.
21                                         Judge:         Hon. Stanley
                                                          Blumenfeld, Jr.
22                                         Courtroom:     Courtroom 6C

23                                         Complaint filed: April 22, 2024
                                           Trial Date:      None set
24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION TO DISMISS

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on July 26, 2024, at 8:30 a.m. or as soon thereafter as the matter may be heard, in the United States District Court, Central District of California, U.S. Courthouse, 350 West 1st Street, Los Angeles, California 90012, Courtroom 6C, before the Honorable Judge Stanley Blumenfeld, Jr., Defendant StubHub, Inc. ("StubHub") will, and hereby does, move the Court for an order dismissing all of the claims in Plaintiff's Class Action Complaint (the "Complaint") pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).  In an abundance of caution, StubHub concurrently files this Motion together with its Motion to Compel Arbitration.  Should the Court grant that Motion to Compel Arbitration, the Court need not address the arguments raised in this Motion.

Through this Motion, StubHub seeks an order dismissing (1) Plaintiff's cause of action under California's Ticket Sellers Law (Cal. Bus. & Prof. Code § 22502.2) (the "TSL"), because StubHub is not a "ticket seller" within the meaning of that statute; (2) Plaintiff's causes of action under California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq.*) (the "UCL"), Consumers Legal Remedies Act (Cal. Civ. Code § 1750, *et seq.*) (the "CLRA"), False Advertising Law (Cal. Bus. & Prof. Code § 17500, *et seq.*) (the "FAL"), and for fraud due to Plaintiff's failure to state a claim and plead with sufficient particularity; and (3) Plaintiff's unjust enrichment claim for lack of standing.  StubHub respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice.

This Motion is based on this Notice of Motion, the accompanying memorandum of points and authorities, the papers and records on file in this action, and such other written and oral argument as may be presented to the Court.

Dated:  June 27, 2024

MATTHEW D. POWERS
ANDREW WEISBERG

O'MELVENY & MYERS LLP

By: /s/ *Matthew D. Powers*

Matthew D. Powers
*Attorneys for Defendant StubHub, Inc.*

DEFENDANT'S MOTION TO DISMISS
2:24-CV-03318-SB (JCX)

1

**TABLE OF CONTENTS**

2

Page

I.      INTRODUCTION ................................................................................9

II.     FACTUAL BACKGROUND ............................................................ 11

III.    LEGAL STANDARDS ..................................................................... 13

IV.     ARGUMENT ..................................................................................... 14

     A.    Plaintiff Fails to State a Claim upon Which Relief Can Be Granted ......................................................................................... 14

        1.    StubHub Is Not a Ticket Seller ................................................. 14

        2.    Plaintiff Fails to Plead the Elements of His Fraud-Based Claims ........................................................................................ 15

            a.    Plaintiff Fails to Allege a Misrepresentation That Would Deceive a Reasonable Consumer ........................ 16

            b.    Plaintiff Fails to Allege Reliance ................................. 18

            c.    Plaintiff Does Not Allege an Injury ............................. 19

            d.    Plaintiff Does Not Plead Fraud with Sufficient Particularity ................................................................. 20

            e.    Alleged "Dark Patterns" Do Not Amount to Actionable Conduct ..................................................... 21

        3.    The Remaining Prongs of Plaintiff's UCL Claim Fail ............. 23

            a.    Plaintiff Cannot Meet the UCL's "Unlawful" Prong ...... 23

            b.    Plaintiff Cannot Meet the UCL's "Unfair" Prong .......... 23

        4.    Plaintiff's Tag-Along Claims Should Be Dismissed ................ 25

V.      CONCLUSION .................................................................................. 26

1

**TABLE OF AUTHORITIES**

2
                                                                                       **Page**
   <u>CASES</u>

3

4
*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ...................................................................... 13, 20, 23

5
*Balistreri v. Pacifica Police Dep't,*
    901 F.2d 696 (9th Cir. 1988) ............................................................... 13

6

7
*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ........................................................................ 13, 19

8
*Bower v. AT&T Mobility, LLC,*
    196 Cal. App. 4th 1545 (2011) ............................................................. 20

9

10
*Charbonnet v. Omni Hotels & Resorts,*
    2020 WL 7385828 (S.D. Cal. Dec. 16, 2020) ...................................... 17, 21

11
*Cho v. Hyundai Motor Corp.,*
    636 F. Supp. 3d 1149 (C.D. Cal. 2022) .................................................. 26

12

13
*Coleman v. Mondelez Int'l Inc.,*
    554 F. Supp. 3d 1055 (C.D. Cal. 2021) .............................................. 20, 21

14
*Daugherty v. Am. Honda Motor Co.,*
    144 Cal. App. 4th 824 (2006) ................................................................ 23

15

16
*Davidson v. Kimberly-Clark Corp.,*
    889 F.3d 956 (9th Cir. 2018) ................................................................ 20

17
*Davis v. HSBC Bank Nev., NA.,*
    691 F.3d 1152 (9th Cir. 2012) .............................................................. 18

18

19
*Day v. Cal. Lutheran Univ.,*
    2024 WL 649239 (C.D. Cal. Jan. 19, 2024) ........................................... 19

20
*Donley v. Live Nation Ent., Inc.,*
    2024 WL 794641 (C.D. Cal. Feb. 23, 2024) ........................................... 20

21

22
*Drum v. San Fernando Valley Bar Ass'n,*
    182 Cal. App. 4th 247 (2010) ........................................................... 23, 24

23
*Ebner v. Fresh, Inc.,*
    838 F.3d 958 (9th Cir. 2016) ................................................................ 16

24

25
*Fabozzi v. StubHub, Inc.,*
    2012 WL 506330 (N.D. Cal. Feb. 15, 2012) ........................................... 15

26
*Ford v. Hotwire, Inc.,*
    2008 WL 5874305 (S.D. Cal. Feb. 25, 2008) ......................................... 17

27

28
*Hadley v. Kellogg Sales Co.,*
    243 F. Supp. 3d 1074 (N.D. Cal. 2017) .................................................. 25

DEFENDANT'S MOTION TO DISMISS
                                                            2:24-CV-03318-SB (JCX)

1

**TABLE OF AUTHORITIES**
(continued)

2

Page

3
*Hale v. Sharp Healthcare*,
4
   183 Cal. App. 4th 1373 (2010)..................................................................19

5
*Hammerling v. Google LLC*,
6
   615 F. Supp. 3d 1069 (N.D. Cal. 2022)...................................................18

7
*Harris v. Las Vegas Sands*,
   2013 WL 5291142 (C.D. Cal. Aug. 16, 2013) ......................................17

8
*Hill v. StubHub, Inc.*,
9
   219 N.C. App. 227 (2012) ......................................................................15

10
*Ingels v. Westwood One Broad. Servs., Inc.*,
   129 Cal. App. 4th 1050 (2005)...............................................................23

11
*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009)................................................................14

12
*Kwan v. SanMedica Int'l*,
13
   854 F.3d 1088 (9th Cir. 2017)................................................................13

14
*Kwikset Corp. v. Superior Ct.*,
   51 Cal. 4th 310 (2011)............................................................................19

15
*Lagrisola v. N. Am. Fin. Corp.*,
16
   96 Cal. App. 5th 1178 (2023), *review denied* (Feb. 14, 2024)............20

17
*Licul v. Volkswagen Grp. of Am., Inc.*,
   2013 WL 6328734 (S.D. Fla. Dec. 5, 2013) .........................................26

18
*Lovejoy v. AT&T Corp.*,
19
   92 Cal. App. 4th 85 (2001).....................................................................25

20
*McGlinchy v. Shell Chem.*,
   845 F.2d 802 (9th Cir. 1988) .................................................................13

21
*Moore v. Trader Joe's*,
22
   4 F.4th 874 (9th Cir. 2021)...............................................................16, 18

23
*Moss v. U.S. Secret Serv.*,
   572 F.3d 962 (9th Cir. 2009)............................................................13, 22

24
*Myers-Armstrong v. Actavis Totowa, LLC*,
25
   382 F. App'x 545 (9th Cir. 2010)..........................................................26

26
*Nolte v. Cedars-Sinai Med. Ctr.*,
   236 Cal. App. 4th 1401 (2015)...............................................................24

27
*Park-Kim v. Daikin Indus., Ltd*,
28
   2016 WL 6744764 (C.D. Cal. Nov. 14, 2016) ......................................19

DEFENDANT'S MOTION TO DISMISS
2:24-CV-03318-SB (JCX)

1

## TABLE OF AUTHORITIES
### (continued)

2

Page

3

*Peterson v. Cellco P'ship*,
   164 Cal. App. 4th 1583 (2008) ................................................................ 20

4

5

*Porras v. StubHub, Inc.*,
   2012 WL 3835073 (N.D. Cal. Sept. 4, 2012) .......................................... 15

6

*Saavedra v. Everi Payments, Inc.*,
   2022 WL 17886025 (C.D. Cal. Apr. 11, 2022) .................................. 25, 26

7

8

*Saini v. Sutter Health*,
   80 Cal. App. 5th 1054 (2022) .................................................................. 17

9

*Salas v. Whirlprool Corp.*,
   2024 WL 694067 (C.D. Cal. Jan. 24, 2024) ............................................ 19

10

11

*Salazar v. Honest Tea, Inc.*,
   2015 WL 7017050 (E.D. Cal. Nov. 12, 2015) ......................................... 22

12

*Sandoval v. PharmaCare US, Inc.*,
   730 F. App'x 417 (9th Cir. 2018) ............................................................ 18

13

14

*Searle v. Wyndham Int'l, Inc.*,
   102 Cal. App. 4th 1327 (2002) ................................................................ 24

15

*Spiegler v. Home Depot U.S.A., Inc.*,
   552 F. Supp. 2d 1036 (C.D. Cal. 2008), *aff'd*, 349 F. App'x 174
   (9th Cir. 2009) ......................................................................................... 24

16

17

*Tae Hee Lee v. Toyota Motor Sales, U.S.A., Inc.*,
   992 F. Supp. 2d 962 (C.D. Cal. 2014) ..................................................... 24

18

19

*Viggiano v. Hansen Natural Corp.*,
   944 F. Supp. 2d 877 (C.D. Cal. 2013) ..................................................... 18

20

*Walker v. Countrywide Home Loans, Inc.*,
   98 Cal. App. 4th 1158 (2002) .................................................................. 18

21

22

*Weinstein v. eBay, Inc.*,
   819 F. Supp. 2d 219 (S.D.N.Y. 2011) ..................................................... 15

23

*Wilcox v. Harbor UCLA Med. Ctr. Guild, Inc.*,
   2023 WL 5246264 (C.D. Cal. Aug. 14, 2023) ........................................ 23

24

25

*Woods v. Google, Inc.*,
   889 F. Supp. 2d 1182 (N.D. Cal. 2012) ................................................... 25

26

## STATUTES

27

Cal. Bus. & Prof. Code § 17200, et seq. .......................................................... 9

28

1

**TABLE OF AUTHORITIES**
**(continued)**

2

**Page**

3  Cal. Bus. & Prof. Code § 17500, et seq. ........................................................ 9

4  Cal. Bus. & Prof. Code § 22502.2 ......................................................... 9, 14

5  Cal. Bus. & Prof. Code § 22503 ............................................................ 9, 15

6  Cal. Civ. Code § 1750, et seq. ................................................................ 9

**RULES**

8  Fed. R. Civ. P. 12(b)(6) ...................................................................... 13

9  Fed. R. Civ. P. 9(b) .................................................................. 10, 14, 20

7

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **I.    INTRODUCTION**

2       All of the claims in the Complaint should be dismissed as a matter of law.[1]

3  Plaintiff alleges that he was misled when he purchased tickets through StubHub's

4  website because StubHub's "Estimated Fees Filter" understated the final price of

5  the tickets he purchased by $2 to $3.  Compl. ¶¶ 2-4, 7.  But Plaintiff fails to allege

6  the facts necessary to support key elements of his claims—namely, that StubHub

7  engaged in any deceptive or misleading practices.

8       Here, Plaintiff contends that the Estimated Fees Filter on StubHub's website

9  misleads purchasers by "understat[ing]" fees, and attacks other features of

10  StubHub's purchase process—including (1) presenting the total price at the final

11  checkout screen, (2) displaying a countdown clock, and (3) informing the

12  purchasers of other users' event-page views and ticket purchases—as supposed

13  "dark patterns."  Specifically, Plaintiff claims that this alleged conduct amounts to

14  violations of California's Ticket Sellers Law (Cal. Bus. & Prof. Code § 22502.2)

15  (the "TSL"), Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, et seq.)

16  (the "UCL"), Consumers Legal Remedies Act (Cal. Civ. Code § 1750, et seq.) (the

17  "CLRA"), and False Advertising Law (Cal. Bus. & Prof. Code § 17500, et seq.)

18  (the "FAL").

19       All of those claims suffer from several fundamental flaws.  *First*, StubHub is

20  not a "ticket seller" within the meaning of the TSL because it does not "sell[]

21  admission tickets to sporting, musical, theatre, or any other entertainment event[s]."

22  Cal. Bus. & Prof. Code § 22503.  Rather, as Plaintiff acknowledges in his

23  Complaint, StubHub runs "the leading *marketplace* for *fans* to buy and sell

24  tickets."  Compl. ¶ 12 (emphasis added).  *Second*, Plaintiff never comes close to

25  pleading any deceptive practices.  For one, the Estimated Fees Filter is not in any

26

27  [1] In an abundance of caution, StubHub concurrently files this Motion together with
its motion to compel arbitration and stay Plaintiff's claims ("Arbitration Motion").

28  However, should the Court grant StubHub's Arbitration Motion, the Court need not
address the arguments raised in this Motion.

DEFENDANT'S MOTION TO DISMISS
2:24-CV-03318-SB (JCX)

way misleading.  It does precisely what its name suggests: providing an ***estimate*** of the fees that could be added on (based on factors such as purchaser location and delivery method), all of which ***are determined, and fully disclosed,*** at the end of a ticket purchase.  Indeed, as discussed below, it is well settled that disclosing total fees for the first time on a final checkout webpage is not deceptive.  And Plaintiff's attempt to cast features of StubHub's purchase process as "dark patterns" also falls flat.  Not only does Plaintiff mischaracterize StubHub's features, but he also fails to explain how these features were actually deceptive practices.  For example, StubHub obviously cannot reserve tickets for live events indefinitely, and there is nothing "deceptive" about telling customers how long StubHub will hold tickets for potential purchasers before releasing them for others to consider.  And perhaps most importantly, Plaintiff never alleges that these "dark patterns" actually constitute UCL, CLRA, or FAL violations.  ***Third***, Plaintiff does not plead reliance on any specific deceptive conduct beyond formulaic recitations that he "reasonably relied on Defendant's representations and warranties," which are insufficient to meet the pleading standard.  ***Fourth***, Plaintiff has not pled an economic injury.  He does not allege facts showing that he could have obtained tickets at a lower price from some other source, that the tickets were worth less than StubHub represented, or that the tickets were different from what he wanted and expected to buy.  And, ***fifth***, Plaintiff does not meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b) ("Rule 9(b)") for his fraud-based claims.

Plaintiff also asserts tag-along claims for fraud and unjust enrichment, which likewise fail—Plaintiff's fraud claims bear the same fatal flaws as his UCL, CLRA, and FAL claims, and his unjust enrichment claim fails because (i) he does not allege that he lacks an adequate remedy at law; (ii) unjust enrichment is not a standalone cause of action in this jurisdiction; and (iii) the claim impermissibly duplicates his statutory consumer-fraud claims.  In short, the entire Complaint should be dismissed with prejudice.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.     <u>FACTUAL BACKGROUND</u>

StubHub is an online marketplace "for ***fans*** to buy and sell tickets." *See* Compl. ¶ 12 (emphasis added).  StubHub itself does not sell tickets; rather, it is a ticket resale platform.  ECF No. 16-1 ("Wright Decl.") ¶ 4.  Plaintiff Brian Hong alleges various claims related to his 2023 ticket purchases on StubHub.com using the Estimated Fees Filter, including that the purchase process manipulates consumers.  *See* Compl. ¶¶ 4-6, 23.

**Ticket Selection:** When purchasing tickets on StubHub.com, users first select the event they want to attend.  Wright Decl. ¶ 6.  StubHub then shows them a list of available tickets with prices.  *Id*.  If the purchaser wants the displayed price to include estimated fees, they can select the "Filters" option in the page's top left corner, then toggle on the filter labeled "[s]how prices with estimated fees."  *Id*. ¶ 7; *see also* Compl. ¶ 13.  StubHub does not preselect the Estimated Fees Filter for purchasers, nor does it contrast that option with different color font before the purchaser turns the filter on.  Wright Decl. ¶ 7; *contra* Compl. ¶ 23.



Once the purchaser selects a ticket, they see the price (including estimated fees, if the filter is toggled on), quantity, location, and payment options.  Wright Decl. ¶ 8; *see also* Compl. ¶ 14.  Tickets are typically for particular seats or seating sections, so each ticket is a unique good with few or no exact equivalents.  *See* Wright Decl. ¶ 6.

**Countdown Timer:** Next, the purchaser is notified that they have 10 minutes to complete the purchase.  *See* Wright Decl. ¶ 8.  If the user does not complete the purchase within 10 minutes, they are redirected to the ticket selection window, and StubHub releases the tickets they initially chose so that others have the opportunity to purchase them.  *Id*.

**Ticket Data:** When the purchaser confirms the number of tickets they wish

DEFENDANT'S MOTION TO DISMISS
2:24-CV-03318-SB (JCX)

to purchase, StubHub may highlight information, reflecting actual viewing or sales data, to help the purchaser gauge whether it makes sense to finalize their purchase at that time and for that price, including whether ticket prices have increased recently, how the price compares to a 7-day average, how many people have viewed an event in the last hour, how quickly an event is selling, and what other tickets to that event have sold recently and at what price.  Wright Decl. ¶ 9; Compl. ¶ 17.

**Purchaser Information and Payment Method:** A purchaser then logs into their StubHub account or chooses to proceed as a guest.  Wright Decl. ¶ 10; Compl. ¶ 20.  A guest needs to input their contact information, including a name, phone number, and email address.  Wright Decl. ¶ 10; *see also* Compl. ¶ 20.  StubHub uses that information to, *inter alia*, deliver tickets and secure payment.  Wright Decl. ¶ 10.  The next page prompts purchasers to select a payment method and input billing information.  *Id*. ¶ 11.

**Final Checkout Screen and Total Fees:** On the final checkout screen, the purchaser sees an order summary that notes the total ticket price, including all fees.  Wright Decl. ¶ 12; *see also* Compl. ¶ 21.  The difference between the ticket price initially shown using the Estimated Fees Filter and the final price is the ticket-delivery cost, which depends on the delivery method the consumer selects.  Wright Decl. ¶ 13.  Delivery fees for electronic tickets cover the generation, storage, and transmission of the ticket, as well as fulfillment support.  *Id*.  Other delivery methods, like FedEx or UPS, inevitably cost more, but StubHub cannot accurately calculate that cost before consumers select a delivery method and shipment destination.  *Id*.

At that point, the purchaser can click "Buy Now."  *Id*. ¶ 14.  Directly above the "Buy Now" button is text informing the purchaser that "[b]y clicking the button below you acknowledge and accept our terms and conditions and privacy policy."  *Id*.  The "terms

By clicking the button below you acknowledge and accept our terms and conditions and privacy policy

Buy Now

DEFENDANT'S MOTION TO DISMISS
2:24-CV-03318-SB (JCX)

and conditions" are offset in different color font, underlined, and hyperlinked so that purchasers can view StubHub's Global User Agreement simply by clicking on the text. *Id.* ¶¶ 14-15. StubHub warns about potential fees in its Global User Agreement, stating: "We may charge fees for selling and/or buying Tickets through our Site and/or otherwise using our Services, as well as delivery or fulfillment fees (collectively referred to as 'Service Fees'). Service Fees may vary depending on event type, Ticket type and location." *Id.*, Ex. A § 6.1.

## III.  LEGAL STANDARDS

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). And while the Court must accept well-pled facts as true, "conclusory allegations without more are insufficient to defeat a motion to dismiss." *McGlinchy v. Shell Chem.*, 845 F.2d 802, 810 (9th Cir. 1988). Accordingly, the Court should not assume the truth of legal conclusions merely because they are pled in the form of factual allegations, nor accept as true allegations contradicted by judicially noticeable facts. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009). "[P]laintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, for the Complaint to survive a motion to dismiss, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling [Plaintiff] to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

Moreover, a plaintiff asserting claims under the UCL, CLRA, and/or FAL bears the burden of proving that the challenged representations are false or misleading. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017). And

fraud-based claims, like those brought under these statutes, must be pled with sufficient particularity to meet Rule 9(b)'s heightened standard. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).

## IV.   <u>ARGUMENT</u>

### A.   <u>Plaintiff Fails to State a Claim upon Which Relief Can Be Granted</u>

Plaintiff's complaint fails to state a claim upon which relief can be granted for multiple reasons. ***First***, he does not, and cannot, allege that StubHub is a "ticket seller" within the meaning of the TSL. ***Second***, for his fraud-based claims under the UCL, CLRA, and FAL, Plaintiff fails to plead the necessary elements—namely, a misrepresentation that would deceive a reasonable consumer, reliance upon that misrepresentation, and economic injury—and fails to meet the heightened pleading standard required for allegations of fraud under Rule 9(b). Relatedly, the alleged "dark patterns" are not the type of conduct (i) proscribed by the relevant statutes or (ii) frowned upon by the Federal Trade Commission ("FTC"). ***Third***, Plaintiff's claims under the "unlawful" and "unfair" prongs of the UCL fail because (i) Plaintiff has not pled a violation of any statute, and (ii) the practices addressed in the "fraudulent" and "unlawful" prongs wholly overlap those underlying the "unfair" prong. ***Fourth***, Plaintiff's tag-along fraud claim fails for the same reasons that his claims under the "fraudulent" prong of the UCL, the CLRA, and the FAL all fail. And, ***fifth***, Plaintiff lacks standing to assert an unjust enrichment claim, which, in any event, is not a standalone claim in California.

#### 1.   StubHub Is Not a Ticket Seller

In the Complaint, Plaintiff asserts that StubHub's conduct violates the TSL's prohibition on "represent[ing] that [one] can deliver or cause to be delivered a ticket at a specific price or within a specific price range and [then] fail[ing] to deliver within a reasonable time or by a contracted time the tickets at or below the price stated." *See* Compl. ¶ 29 (quoting Cal. Bus. & Prof. Code § 22502.2). But the TSL imposes obligations only on "ticket sellers" (*id.* ¶ 30; Cal. Bus. & Prof. Code

14

§ 22503 (defining "ticket seller")), and "StubHub is not a 'ticket seller' . . . under California's ticket seller statute." *Porras v. StubHub, Inc.*, 2012 WL 3835073, at *3 (N.D. Cal. Sept. 4, 2012) (collecting cases); *see also Weinstein v. eBay, Inc*., 819 F. Supp. 2d 219, 229–30 (S.D.N.Y. 2011) (finding StubHub is a "facilitator of third party ticket sales"); *Hill v. StubHub, Inc.*, 219 N.C. App. 227, 248-49 (2012) (holding that under North Carolina's ticket seller statute, "the undisputed evidence establishes that [StubHub] was neither a ticket seller nor the ticket seller's agent"). Indeed, Plaintiff admits as much when he describes StubHub as "the leading marketplace for ***fans*** to buy and sell tickets," Compl. ¶ 12 (emphasis added), and when he explains StubHub's revenue model by differentiating between "the business"—*i.e.*, StubHub—on the one hand, and "the sellers," on the other.  *Id.* ¶ 31.

Plaintiff's citation of a news article's description of StubHub as having "sold $4.75 billion in tickets" and collected "$1.1 billion in ticket fees" does nothing to change the reality, as recognized by other California district courts, that StubHub "is a marketplace for third-party users to buy and sell tickets" and that it "does not actually buy or sell tickets." *Fabozzi v. StubHub, Inc.*, 2012 WL 506330, at *1 (N.D. Cal. Feb. 15, 2012).  Nor does Plaintiff's allegation that StubHub makes money through fees arising from users' completed ticket sale transactions.  Compl. ¶ 12.  That allegation, while technically accurate, is not new, and does nothing to impact the well-settled view that StubHub is not a "ticket seller." *Porras*, 2012 WL 3835073, at *3.

## 2.    Plaintiff Fails to Plead the Elements of His Fraud-Based Claims

Plaintiff's fraud-based claims—the fraudulent prong of the UCL claim (Count II), the CLRA claim (Count III), and the FAL claim (Count IV)—fail for the following reasons.  ***First***, Plaintiff has not alleged a misrepresentation that would deceive a reasonable consumer—as courts throughout California have held,

DEFENDANT'S MOTION TO DISMISS
2:24-CV-03318-SB (JCX)

disclosing fees for the first time on an online checkout page is not misleading to reasonable consumers.  **Second**, aside from insufficient formulaic recitations, Plaintiff does not allege that he actually relied on any alleged misrepresentations in making their purchasing decision.  **Third**, Plaintiff fails to allege an economic injury, because he does not plead that he could have purchased tickets elsewhere at a lower price or that the product was somehow worth less than what they expected to buy.  **Fourth**, Plaintiff fails to state with particularity the circumstances constituting the alleged fraud.  And, ***fifth***, the so-called "dark patterns" alleged in the Complaint either (i) are not what the FTC sought to curtail in bringing "dark patterns" to light, or (ii) do not amount to deceptive conduct proscribed by the UCL, CLRA, and FAL.  Plaintiff also fails to sufficiently allege that he relied on any "dark patterns" in making his purchasing decision.

### a.     Plaintiff Fails to Allege a Misrepresentation That Would Deceive a Reasonable Consumer

To survive a motion to dismiss with respect to its UCL, CLRA, and FAL claims, Plaintiff must allege (i) a misrepresentation or concealed fact and (ii) that reasonable consumers are likely to be deceived by the challenged statement or omission.  *See Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016).  This is "not a negligible burden." *Moore v. Trader Joe's*, 4 F.4th 874, 882 (9th Cir. 2021).  To meet it, there must be more than a mere possibility that the challenged statements "might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner." *Ebner*, 838 F.3d at 965.  In other words, Plaintiff must allege facts demonstrating that StubHub's website could mislead "a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances." *Id.*

But here, Plaintiff's allegations all boil down to an accusation that StubHub "suppress[ed] the true price of the tickets" by "displaying the price of the tickets as purportedly including estimated fees but systematically including additional fees at

the end of the checkout process." Compl. ¶ 69.  Multiple courts have rejected this theory, holding that disclosing fees for the first time at the checkout stage is not misleading to reasonable consumers.  *See, e.g.*, *Saini v. Sutter Health*, 80 Cal. App. 5th 1054, 1061-62 (2022) (service fee disclosure in final bill not misleading where fee's existence was disclosed in hospital "chargemaster, to which signage in the emergency room directs" patients); *Harris v. Las Vegas Sands*, 2013 WL 5291142, at *2–3 (C.D. Cal. Aug. 16, 2013) (disclaimer underneath "Grand Total" stating that "[t]otal does not include applicable daily resort fee"); *Charbonnet v. Omni Hotels & Resorts*, 2020 WL 7385828, at *1-*4 (S.D. Cal. Dec. 16, 2020) (fee not revealed until plaintiff was "ready to buy"); *Ford v. Hotwire, Inc.*, 2008 WL 5874305, at *3–4 (S.D. Cal. Feb. 25, 2008) (disclosure at checkout that "resort fees may be imposed").

*Charbonnet* is instructive.  There, the plaintiff alleged that Omni's advertisement of her hotel room's "daily rate" was misleading because it did not "reflect [a] mandatory $25 property fee that was included in the total room charge," which was not disclosed to her until she was "ready to buy."  2020 WL 7385828, at *1.  In dismissing her claim, the court noted that the hotel "explicitly discloses that the daily rate advertised does not equal the total cost of the room" and clearly "states the higher, total price for the room that 'includes taxes & fees'" prior to purchase.  *Id.* at *3.  The court found that this "disclosure would put a reasonable consumer on notice that they would be charged some . . . fees in addition to the daily rate."  *Id.*  Because Plaintiff here similarly alleges that the total price was disclosed ***prior*** to his final purchase (*see* Compl. ¶ 21), he has "not adequately alleged a cognizable legal theory of how reasonable consumers would be deceived by [StubHub]'s representations."[2]  *Charbonnet*, 2020 WL 7385828, at *3.  Indeed, other courts—including the Ninth Circuit—have repeatedly found that disclosures

---

[2] StubHub's User Agreement also explicitly states that it "may charge fees for . . . buying Tickets [including] delivery or fulfillment fees," and that any fees would "be disclosed . . . prior to . . . buying a [t]icket."  Wright Decl., Ex. A § 6.1.

similar to, or even less conspicuous than, StubHub's were not misleading. *See, e.g.*, *Davis v. HSBC Bank Nev., NA.*, 691 F.3d 1152 (9th Cir. 2012) (terms and conditions disclosed annual credit card fee, but advertising did not); *Walker v. Countrywide Home Loans, Inc.*, 98 Cal. App. 4th 1158, 1176–77 (2002) (use of word "may" in deed of trust authorized lender to charge inspection fees even though specific fees not disclosed in advance).

Here, Plaintiff's claims stretch the word "Estimated" beyond its reasonable limits. The Estimated Fees Filter is what it says it is—a functionality that provides an ***estimate*** of what the additional fees might be based, *inter alia*, on the purchaser's chosen delivery method and location. *See supra* at pp. 3-4. By alleging that he was misled to believe that an ***estimate*** would be the ***exact*** purchase price, Plaintiff essentially "base[d] [his] deceptive advertising claims on unreasonable or fanciful interpretations of" the information offered on StubHub's website, and "dismissal on the pleadings [is therefore] justified." *Moore*, 4 F.4th at 882–83 (citation omitted). Furthermore, notwithstanding Plaintiff's unreasonable interpretation of "Estimated," the fact remains that StubHub told Plaintiff *exactly* how much he would be paying in total fees before he actually made a purchase, and he decided to do so anyway.

### b.   Plaintiff Fails to Allege Reliance

Under the UCL, FAL, and CLRA, Plaintiff must also "demonstrate *actual reliance* on the allegedly deceptive or misleading statements." *Viggiano v. Hansen Natural Corp.*, 944 F. Supp. 2d 877, 886 n.30 (C.D. Cal. 2013) (emphasis in original); *see also Sandoval v. PharmaCare US, Inc.,* 730 F. App'x 417, 419 (9th Cir. 2018) ("To sustain a false advertising claim under California law, a plaintiff must show that he actually relied on the allegedly false advertising."); *Hammerling v. Google LLC*, 615 F. Supp. 3d 1069, 1084 (N.D. Cal. 2022) (plaintiff must "allege that he relied on the misrepresentation in making his purchase"). Since Plaintiff has not, as discussed *supra*, pled reliance on misrepresentations, Plaintiff does not have

DEFENDANT'S MOTION TO DISMISS
2:24-CV-03318-SB (JCX)

1   standing to proceed on those claims.  *Salas v. Whirlprool Corp.*, 2024 WL 694067,

2   at *8 (C.D. Cal. Jan. 24, 2024).  Nor has Plaintiff alleged any plausible explanation

3   for how his ticket purchase (at the final checkout page, with all fees disclosed) was

4   done "in reliance" on the price displayed on previous pages when the Estimated

5   Fees Filter was on.  *Park-Kim v. Daikin Indus., Ltd*, 2016 WL 6744764, at *15

6   (C.D. Cal. Nov. 14, 2016) (finding that plaintiffs failed to allege reliance where

7   they did not allegedly take any action in reliance upon warranty claims, or review

8   defendant's website, prior to condominium purchases).  Plaintiff's allegation that he

9   "reasonably relied on Defendant's representations and warranties," Compl. ¶ 7, is a

10   mere "formulaic recitation of the [reliance] element[]" and "will not do."  *Twombly*,

11   550 U.S. at 555.  Because Plaintiff fails to allege facts showing that the price

12   displayed **prior** to the checkout screen "influenced" his decision to buy tickets **after**

13   the final price was disclosed, he does not plead reliance, and his UCL, CLRA, and

14   FAL claims fail.  *Salas*, 2024 WL 694067, at *8 (plaintiff must "specify what of the

15   allegedly misleading 'information on the website' [he] actually . . . relied upon").

### c.   Plaintiff Does Not Allege an Injury

17          Under the UCL, CLRA, and FAL, Plaintiff must also allege that he was

18   actually injured by StubHub's allegedly false advertising.  *Kwikset Corp. v.*

19   *Superior Ct.*, 51 Cal. 4th 310, 323–26 (2011) (plaintiffs asserting UCL and FAL

20   claims must show "economic injury" and that defendant's false advertising caused

21   the injury); *Day v. Cal. Lutheran Univ.*, 2024 WL 649239, at *6 (C.D. Cal. Jan. 19,

22   2024) (plaintiff must allege "concrete economic injury arising from defendants'

23   allegedly unfair practices"); *Hale v. Sharp Healthcare*, 183 Cal. App. 4th 1373,

24   1386 (2010) ("plaintiffs in a CLRA action [must] show not only that a defendant's

25   conduct was deceptive but that the deception caused them harm").  But here,

26   because Plaintiff does "not allege that [he] could have obtained [tickets] at a lower

27   price from another source . . . [t]his is not a case in which . . . the product was worth

28   less than represented by the defendant or was different from what the consumer

wanted and expected to buy." *Bower v. AT&T Mobility, LLC*, 196 Cal. App. 4th 1545, 1555 (2011); *see also Lagrisola v. N. Am. Fin. Corp.*, 96 Cal. App. 5th 1178, 1189 (2023), *review denied* (Feb. 14, 2024) (affirming dismissal where plaintiffs do not allege that they "could have obtained [a] loan at the same or lower price"); *Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1591 (2008) (no economic injury where plaintiffs did "not allege they could have bought the same insurance for a lower price"). Plaintiff's "[t]hreadbare recitals of the [injury] element[]," *Iqbal*, 556 U.S. at 678—*i.e.*, that he "incurred charges and/or paid monies for the tickets that they otherwise would not have incurred or paid," Compl. ¶ 70—"do not suffice." *Iqbal*, 556 U.S. at 678.

### d.    Plaintiff Does Not Plead Fraud with Sufficient Particularity

Allegations of fraud, including under the UCL, CLRA, and FAL, are subject to Rule 9(b)'s heightened pleading standard. *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018). Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud." Specifically, the pleading must "identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Donley v. Live Nation Ent., Inc.*, 2024 WL 794641, at *5 (C.D. Cal. Feb. 23, 2024) (citing *Davidson*, 889 F.3d at 964).

Plaintiff's Complaint lacks the "how" required under Rule 9(b). *See Coleman v. Mondelez Int'l Inc.*, 554 F. Supp. 3d 1055, 1062 (C.D. Cal. 2021) (The "'what' is the allegedly misleading [statement] . . . and the 'how' is the plaintiff's explanation for why [it] is misleading."). The only supposedly misleading statement Plaintiff points to is the allegedly inaccurate price estimate displayed when the Estimated Fees Filter is turned on. Compl. ¶¶ 14, 21, 28. But Plaintiff never provides an "explanation for why [it] is misleading," or states that the estimated price somehow induced him to make a final purchase. *Coleman*, 554 F.

Supp. at 1062. To the contrary, he explicitly admits that he was presented with the total price (with all fees included) prior to his purchase. Compl. ¶ 21. Because he acknowledges that StubHub "plainly discloses" the total fees prior to checkout, Plaintiff cannot meet the heightened pleading standard of Rule 9(b). *Charbonnet*, 2020 WL 7385828, at *7.

**e.** **Alleged "Dark Patterns" Do Not Amount to Actionable Conduct**

Plaintiff also points to a series of so-called "dark patterns," presumably as a basis for his UCL, CLRA, and FAL claims. Compl. ¶¶ 23–28. Plaintiff alleges that StubHub (i) displays the number of users who have viewed a given event page in the last hour, and indicates when tickets for an event are selling quickly; (ii) displays a 10-minute timer once tickets have been selected; (iii) styles and designs its webpages, including through use of different colors and font sizes; (iv) requires users to create an account prior to purchase; and (v) chooses default settings that include fee estimation (the "Alleged Dark Patterns"). *See id.* None of the Alleged Dark Patterns is deceptive, or even one of the "dark patterns" defined by the FTC. And, perhaps most importantly, Plaintiff never ties the Alleged Dark Patterns to any of his causes of action.

For example, Plaintiff's Complaint never alleges that the information regarding the number of event-page views, or how fast tickets are selling, is actually inaccurate (indeed, because it is not inaccurate, he cannot do so). But the FTC only recognizes dark patterns when companies "say[] inventory is low when it isn't" or "say[] demand is high when it isn't." FTC, Bringing Dark Patterns to Light, App'x A (2022) (https://www.ftc.gov/reports/bringing-dark-patterns-light) ("FTC Report"). In fact, rather than creating "pressure to buy immediately" or "a false sense of high demand," Compl. ¶ 23(a)(i), the metrics that StubHub displays—which are based on actual transactions and actual consumer event selections—help purchasers make informed decisions by accurately depicting

21

consumer interest in a given event. *See* Wright Decl. ¶ 9. Likewise, the countdown clock features prominently in the user interface to alert consumers that they may lose access to their chosen tickets when the time expires (*id.* ¶ 8), not to "distract" or "misdirect." Compl. ¶ 23(b)(i), (e)(i). The timer is critical to maintaining the integrity of the StubHub marketplace because, without it, any potential purchaser could place an indefinite hold on tickets, reducing their supply and increasing their price, to the detriment of other consumers. *See* Wright Decl. ¶ 8. This is a far cry from the *actual* dark pattern identified by the FTC, wherein pressure to buy is created "by showing a ***fake*** countdown clock that just goes away or resets when it times out." FTC Report, App'x A. Also, Plaintiff fails to "connect the dots showing how the alleged [information regarding ticket sales or the countdown timer] misled [him] in a way that a reasonable consumer would be deceived." *Salazar v. Honest Tea, Inc.*, 2015 WL 7017050, at *6 (E.D. Cal. Nov. 12, 2015).

Plaintiff similarly fails to "connect the dots" with respect to the other Alleged Dark Patterns. *See* Compl. ¶ 23(e)(i)-(ii), (f)-(g). Instead, he merely regurgitates his conclusory argument that initially advertising part of the total ticket price and later adding fees is deceptive. *See id.* ¶ 23(b)(ii), (c)-(d), (e)(iii). Plaintiff's claims regarding the Alleged Dark Patterns are thus nothing more than atmospherics. Despite spending pages of his Complaint bemoaning these practices, *see* Compl. at pp. 14–16, Plaintiff never explains how the Alleged Dark Patterns support his claims. This sleight of hand—waving StubHub's allegedly bad behavior in front of the Court only to have it later disappear—cannot form the basis for the fraud-based claims, and demonstrates how the "factual content" consisting of allegations about the Alleged Dark Patterns is not "plausibly suggestive of a claim entitling [them] to relief." *Moss*, 572 F.3d at 969.

For the foregoing reasons, the fraudulent prong of Plaintiff's UCL claim (Count II), his CLRA claim (Count III), and his FAL claim (Count IV) all fail.

**3.** **The Remaining Prongs of Plaintiff's UCL Claim Fail**

      **a.** **Plaintiff Cannot Meet the UCL's "Unlawful" Prong**

"A UCL claim under the unlawful prong 'borrows violations of other laws and treats' them as unlawful business practices 'independently actionable under section 17200.'" *Wilcox v. Harbor UCLA Med. Ctr. Guild, Inc.*, 2023 WL 5246264, at *9 (C.D. Cal. Aug. 14, 2023). In other words, where the plaintiff cannot state a violation under the "borrowed" laws, he also "cannot state a violation of the UCL under the unlawful prong." *Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 837 (2006); *see also Ingels v. Westwood One Broad. Servs., Inc.*, 129 Cal. App. 4th 1050, 1060 (2005) ("A defendant cannot be liable under [UCL's "unlawful" prong] without having violated another law."). Here, Plaintiff alleges that StubHub acted unlawfully by violating the TSL, CLRA, and FAL. Because, as discussed *supra*, Plaintiff fails to state a claim under any of these laws, Plaintiff's UCL "unlawful" prong claim necessarily fails.

      **b.** **Plaintiff Cannot Meet the UCL's "Unfair" Prong**

Conduct is "unfair" where it (1) violates a public policy that is "tethered to specific constitutional, statutory or regulatory provisions," (2) "is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers," or (3) causes "substantial" injury that is "not outweighed by any countervailing benefits to consumers" and that "consumers themselves could not reasonably have avoided." *Drum v. San Fernando Valley Bar Ass'n*, 182 Cal. App. 4th 247, 257 (2010). Plaintiff's allegations do not come close to meeting these standards. Plaintiff alleges that StubHub's conduct violates the UCL "unfair" prong because it "is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct." Compl. ¶ 53. In addition to being conclusory statements that the Court need not accept as true, *see Iqbal*, 556 U.S. at 678, Plaintiff's allegations fail to state a claim for the following reasons.

DEFENDANT'S MOTION TO DISMISS
2:24-CV-03318-SB (JCX)

**No Violation of Statute**.  StubHub did not violate a "specific constitutional, statutory or regulatory provision." *Drum*, 182 Cal. App. 4th at 257.  The only laws that Plaintiff contends StubHub violated are the TSL, UCL, FAL, and CLRA.  But as explained above, StubHub is not subject to the TSL, and Plaintiff has not pled deception, reasonable reliance, or injury for purposes of UCL, FAL, or CLRA claims.  *Tae Hee Lee v. Toyota Motor Sales, U.S.A., Inc.,* 992 F. Supp. 2d 962, 976 (C.D. Cal. 2014) ("In addition, Plaintiffs cannot state a UCL claim based on unlawful conduct because Plaintiffs have failed to identify any violations of a predicate law necessary to support such a claim.").

**No Immoral or Injurious Conduct**.  Plaintiff's allegations do not amount to conduct (i) that is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers," or (ii) likely to "cause substantial consumer injury that is not outweighed by countervailing benefits." *Drum*, 182 Cal. App. 4th at 257. Critically, Plaintiff alleges that ***he saw the fees before purchasing tickets*** and ***agreed that StubHub could charge such fees by assenting to StubHub's User Agreement***. *See* Compl. ¶ 21.  The UCL's unfairness prong "does not give the courts a general license to review the fairness of contracts." *Searle v. Wyndham Int'l, Inc.*, 102 Cal. App. 4th 1327, 1334 (2002).  In *Nolte v. Cedars-Sinai Medical Center*, for example, the California Court of Appeal declined to find "unfair" a hospital's practice of billing a patient separately from his physicians, because plaintiff agreed to separate billing in his contract with the hospital.  236 Cal. App. 4th 1401, 1408 (2015).  And courts agree that it is not "unfair" for buyers to pay the agreed-upon contract price. *Spiegler v. Home Depot U.S.A., Inc.*, 552 F. Supp. 2d 1036, 1045–46 (C.D. Cal. 2008), *aff'd*, 349 F. App'x 174 (9th Cir. 2009) (no "unfair" claim where defendants "complied with the express terms of the contracts [with plaintiffs], and charged plaintiffs in accordance with their terms").  Here, Plaintiff's assertion that StubHub's conduct qualifies as "unfair" under the UCL should be rejected as a matter of law—particularly since Plaintiff does not allege

DEFENDANT'S MOTION TO DISMISS
2:24-CV-03318-SB (JCX)

that StubHub breached the User Agreement.  *See, e.g.*, *Woods v. Google, Inc.*, 889 F. Supp. 2d 1182, 1195 (N.D. Cal. 2012) (dismissing "unfair" claim where Google did not violate AdSense Policies).

**"Unfairness" Allegations Overlap Other UCL Prongs**.  In addition, "[w]here the unfair business practices alleged under the unfair prong of the UCL overlap entirely with the business practices addressed in the fraudulent and unlawful prongs of the UCL, the unfair prong of the UCL cannot survive if the claims under the other two prongs of the UCL do not survive."  *Saavedra v. Everi Payments, Inc.*, 2022 WL 17886025, at *5 (C.D. Cal. Apr. 11, 2022) (citing *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1104 (N.D. Cal. 2017)).  Here, Plaintiff's "unfair" UCL claim depends on the same practices that he contends are "unlawful."  *See* Compl. ¶ 53 (alleging StubHub's "acts, omissions, misrepresentations, practices, and nondisclosures as alleged herein ***also*** constitute 'unfair' business acts and practices") (emphasis added).  Consequently, Plaintiff's UCL "unfair" claims overlap completely with its "unlawful" claims, and likewise fail.  *Saavedra*, 2022 WL 17886025, at *5 (2022).

For the foregoing reasons, Plaintiff's UCL claim (Count II) should be dismissed.

### 4.    Plaintiff's Tag-Along Claims Should Be Dismissed

**Fraud**.  A plaintiff alleging fraud must establish: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage."  *Lovejoy v. AT&T Corp.*, 92 Cal. App. 4th 85, 93 (2001).  For all the reasons discussed above, Plaintiff has failed to allege a misrepresentation (*supra* Section IV.A.2.a), justifiable reliance (*supra* Section IV.A.2.b), resulting injury (*supra* Section IV.A.2.c ), or any harm arising from the "dark patterns" (*supra* Section IV.A.2.e).  And Plaintiff has failed to meet Rule 9(b)'s pleading standard (*see supra* Section IV.A.2.d).  Plaintiff's fraud claim (Count V) should

therefore be dismissed.

**Unjust Enrichment**.  Plaintiff's claim for unjust enrichment fails for several reasons.  First, Plaintiff lacks standing to seek equitable relief because he does not allege that he lacks an adequate remedy at law.  *See, e.g.*, *Cho v. Hyundai Motor Corp.*, 636 F. Supp. 3d 1149, 1173 (C.D. Cal. 2022) (dismissing plaintiff's claims for equitable relief because "[p]laintiffs do not allege that any remedy available at law would be inadequate to make them whole").  Second, unjust enrichment is not a standalone cause of action.  *See, e.g.*, *Myers-Armstrong v. Actavis Totowa, LLC*, 382 F. App'x 545, 548 (9th Cir. 2010) (no cause of action for unjust enrichment under California law).  Finally, it is well settled that where "the unjust enrichment claim relies upon the same factual predicates as a plaintiff's legal causes of action, it is not a true alternative theory of relief."  *Licul v. Volkswagen Grp. of Am., Inc.*, 2013 WL 6328734, at *7 (S.D. Fla. Dec. 5, 2013).  Here, Plaintiff explicitly "realleges and reincorporates" its prior allegations, including that StubHub "failed to disclose that there were hidden fees at the end of the checkout process."  Compl. ¶¶ 93–98.  Plaintiff's claims thus improperly "overlap entirely with the business practices alleged in the fraudulent and unlawful prong."  *Saavedra*, 2022 WL 17886025, at *5 (finding the alleged unfair business practice is rooted in the same factual allegations as the consumer deception claim).  The unjust enrichment claim (Count VI) should therefore be dismissed.

V.    **CONCLUSION**

Defendant respectfully requests that the Court dismiss Plaintiff's Complaint.

Dated:  June 27, 2024          O'MELVENY & MYERS LLP

By:  */s/ Matthew D. Powers*

Matthew D. Powers
*Attorneys for Defendant StubHub, Inc.*

DEFENDANT'S MOTION TO DISMISS
2:24-CV-03318-SB (JCX)

... 

## **Certificate of Compliance (C.D. Cal. Local Civil Rule 11-6.2)**

The undersigned, counsel of record for Defendant StubHub, Inc., certifies that this memorandum of points and authorities contains  5,988  words, including headings, footnotes, and quotations but excluding the caption, the table of contents, the table of authorities, the signature block, this certification, and any indices and exhibits.

Accordingly, it complies with the word limit set by Central District of California Local Civil Rule 11-6.1, and it also complies with Section 6.c.i of the above-entitled Court's March 1, 2024 Standing Order for Civil Cases.

Dated:  June 27, 2024             O'MELVENY & MYERS LLP

By:   _/s/ Matthew D. Powers_

Matthew D. Powers
*Attorneys for Defendant StubHub, Inc.*